UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF ELIAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VAZRICK NAVASARTIAN, et al.,<br><br>　　　　Defendants. | 1:15-cv-01567-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT DEFENDANT DUBIEL'S RULE 12(b)(6) MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br>(ECF No. 13.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

**I.　BACKGROUND**

　　Jeff Elias ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds with Plaintiff's original complaint filed on October 14, 2015, against defendants Vazrick Navasartian (D.D.S.) and J. Dubiel (D.D.S.) on Plaintiff's medical claims under the Eighth Amendment and related state law claims.  (ECF No. 1.)

　　On May 5, 2016, defendant Dubiel ("Defendant") filed a Rule 12(b)(6) motion to dismiss Plaintiff's punitive damages claims.  (ECF No. 13.)  On May 25, 2016, Plaintiff filed

an opposition.  (ECF No. 17.)  On May 26, 2016, Defendant filed a reply.  (ECF No. 18.) Defendant Dubiel's motion to dismiss is now before the court.[1]  Local Rule 230(*l*).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison (PVSP) in Coalinga, California, where the events at issue allegedly occurred.  Defendants Navasartian and Dubiel were dentists employed at PVSP during the relevant time.  Plaintiff's allegations follow.

On May 26, 2015, Plaintiff had two teeth filled by defendant Navasartian.  The fillings were too high and left Plaintiff's gums exposed.  Plaintiff suffered severe pain in his gums, mouth, and head.  Plaintiff submitted a written request for emergency treatment.

On June 1, 2015, Plaintiff was examined by defendant Dubiel, who said the fillings were too high.  Dubiel ground down the fillings and said they still needed to be fixed, but he would not fix them.  Plaintiff told Dubiel that his pain was sharp, pounding, shooting, and throbbing, and that eating and flossing made it worse.  Dubiel did not prescribe any pain medication for Plaintiff.

That same day, Plaintiff submitted another request for dental care, alleging that he was in extreme pain and had been suffering from a headache for over a week.  The next day, Plaintiff was seen by defendant Navasartian.  Plaintiff told Navasartian about his extreme pain and that eating and drinking made the pain worse.  Navasartian did not prescribe any pain medication for Plaintiff.  The only treatment Navasartian provided was salt.  Navasartian told Plaintiff that the complications from his dental procedure were caused by Plaintiff's failure to floss.  Plaintiff said this could not be so because he has been flossing every day for years.  In Plaintiff's progress report following the visit, Navasartian wrote that the cause of Plaintiff's complication was that Plaintiff aggressively used a toothpick on his teeth.  Plaintiff has never used toothpicks since being incarcerated.  Navasartian authored a document falsely claiming that Plaintiff refused dental treatment on that day.

---

[1] Also pending is defendant Navasartian's motion for summary judgment filed on December 13, 2016, which shall be decided by separate order.  (ECF No. 26.)

The next day, June 4, 2015, Ms. Lebo, a dental assistant, called Plaintiff to the medical clinic and told him that neither Navasartian nor Dubiel wanted to see him, and therefore he would have to wait at least a week to receive treatment from another dentist.

Eight days later, on June 12, 2015, Plaintiff submitted another request for dental care stating, "It's been over 2 weeks since I had my fillings done and having (*sic*) to deal with the pain. Can I get some pain medication and have you help fix my teeth!" (ECF No. 1 at ¶35.)

### III.   PLAINTIFF'S CLAIMS AND REQUEST FOR RELIEF

On February 4, 2016, the court issued a screening order finding that Plaintiff stated an Eighth Amendment deliberate indifference claim and a state law medical negligence claim against defendants Navasartian and Dubiel. (ECF No. 7.)

####   A.   Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

**B.     Medical Negligence**

"The elements of a medical negligence claim include: '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" Lambesis v. Abiaro, No. 15CV1359-MMA (NLS), 2016 WL 1409555, at *2 (S.D. Cal. Apr. 11, 2016) (citing Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

**C.     Plaintiff's Request for Relief**

Plaintiff's prayer for relief in the complaint states as follows:

"WHEREFORE, Elias prays judgment as follows:

1.     For a declaration that the acts and omissions of Defendants described herein violated Elias's rights under the U.S. Constitution and state law;

2.     For nominal damages in the amount of $100 from each Defendant;

///

4

3. For compensatory damages from each Defendant n an amount to be proven at trial;

4. For punitive damages from each Defendant in an amount to be proven at trial;

5. For exemplary damages against each Defendant;

6. For costs of suit and fees, if any; and

7. For such other and further relief this Court deems just and proper."

(ECF No. 1 at 8.)

## IV.  DEFENDANT DUBIEL'S MOTION TO DISMISS

### A.  Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

///

///

B. **Parties' Positions**

Defendant Dubiel argues that in respect to Plaintiff's 42 U.S.C. § 1983 claim, his prayer for punitive damages should be dismissed as Plaintiff's allegations are insufficient to support them as a matter of law. Dubiel further argues that Plaintiff's request for punitive damages with regard to his state law claim must be dismissed for failure to comply with the requirements of California Code of Civil Procedure § 425.13.

Plaintiff argues that Defendant Dubiel misstates and/or ignores the allegations in the complaint that Plaintiff was seen due to an emergency request, that Plaintiff was in terrible pain, and that Defendants failed to prescribe any pain medication. Plaintiff asserts that he specifically pled that Defendants acts were willful, intentional, malicious, wanton, and despicable. Plaintiff argues that California Code of Civil Procedure § 425.13 does not apply in federal court because it is in direct conflict with Rule 8(a)(3), which allows Plaintiff to request all relief sought in his initial complaint.

V. **Discussion**

A. **Punitive Damages**

"Punitive damages may be assessed in § 1983 actions 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Castro v. Cty. of Los Angeles, 797 F.3d 654, 669 (9th Cir. 2015), reh'g en banc granted, 809 F.3d 536 (9th Cir. 2015), and on reh'g en banc, 833 F.3d 1060 (9th Cir. 2016), cert. denied sub nom Los Angeles Cty., Cal. v. Castro, ___ S.Ct ___, No. 16-655, 2017 WL 276190 (Mem) (U.S. Jan. 23, 2017) (quoting Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). "'[T]his threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness,' because to award punitive damages, the jury must make both a factual determination that the threshold was met and 'a moral judgment' that further punishment was warranted." Id. (quoting Smith, 461 U.S. at 52–53, 56 (recognizing that where the underlying standard of liability is recklessness, a tortfeasor may be subject to both compensatory and punitive damages without any additional culpable conduct). The Ninth Circuit has held that the

decision to impose punitive damages is "'within the exclusive province of the jury.'" Id. at 670 (quoting Runge v. Lee, 441 F.2d 579, 584 (9th Cir. 1971). In this court, in prisoner civil rights cases such as the present case, the decision whether to award damages is ordinarily made by the jury at trial.

Recent court decisions have held that because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6); see, e.g., Jordan v. United States, No. 15-cv-1199 BEN (NLS), 2015 WL 5919945, at *2-3 (S.D. Cal. Oct. 8, 2015) ("A prayer for damages constitutes a remedy, not a claim" within the meaning of Rules 8(a)(2) or 12(b)(6). Thus, [a] prayer for relief does not provide any basis for dismissal under Rule 12.") (quoting Oppenheimer v. Southwest Airlines Co., No. 13-CV-260-IEG (BGS), 2013 WL 3149483, at *3-4 (S.D. Cal. June 17, 2013) ("[T]he availability of [a certain type of relief does not] control or even pertain to the sufficiency of any claim."); accord Shimy v. Wright Med. Tech., Inc., No. 2:14-cv-04541-CAS (RZx), 2014 WL 3694140, at *4 (C.D. Cal. July 23, 2014); Monaco v. Liberty Life Assur. Co., No. C06-07021 MJJ, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007) ("[A] complaint is not subject to a motion to dismiss for failure to state a *claim* under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law." (emphasis in original); see Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc., 21 F.Supp.3d 620, 629 (W.D. Va. 2014) (Rule 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety); also see Schmidt v. C.R. Bard, Inc., No. 6:14-cv-62, 2014 WL 5149175, at *7–8 (S.D. Ga. Oct. 14, 2014) (noting that a Rule 12(b)(6) motion is improper for dismissal of a prayer for relief, and disagreeing with cases to the contrary); Douglas v. Miller, 864 F.Supp.2d 1205, 1220 (W.D. Okla. 2012) ("With respect to the issue of punitive damages, whether such damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action."); Rathbone v. Haywood Cnty., No. 1:08cv117, 2008 WL 2789770, at *1 (W.D.N.C. July 17, 2008) ("punitive damages is not a 'cause of action' subject to dismissal

under Rule 12(b)(6)."); In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigations, 517 F.Supp.2d 662, 666 (S.D.N.Y. 2007) ("Punitive damages are not a claim and thus it makes little sense for defendants to move to dismiss [ ] *claims* for punitive damages.") (emphasis in original); Benedetto v. Delta Air Lines, Inc., 917 F.Supp.2d 976, 984 (D.S.D. Jan. 7, 2013) ("punitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion to dismiss"); Security Nat. Bank of Sioux City, Iowa v. Abbott Labs., 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012) ("punitive damages are not a cause of action, and as such . . . they are not subject to a motion to dismiss.").

Federal Rule of Civil Procedure 54 underscores the impropriety of dismissing requests for punitive damages under Rule 12(b)(6). Rule 54(c) states: "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). It thus makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint. See Soltys v. Costello, 520 F.3d 737, 742 (7th Cir. 2008) (noting that "Rule 54(c) contemplates an award of punitive damages if the party deserves such relief—whether or not a claim for punitive damages appears in the complaint" and thus describing as a "fundamental legal error" "the assumption that a prayer for punitive damages had to appear in the complaint in order to sustain an award of such damages.").

Accordingly, based on the foregoing, Plaintiff's request for punitive damages in regard to his 42 U.S.C. § 1983 claims cannot be dismissed under Rule 12(b)(6), and therefore Defendant's 12(b)(6) motion to dismiss should be denied.

**B.    California Civil Procedure Code § 425.13**

Defendant Dubiel seeks to dismiss Plaintiff's medical negligence claims for punitive damages against him, on the ground that Plaintiff did not petition the court for punitive damages against Defendant under California Civil Procedure Code § 425.13. Plaintiff argues that § 425.13 "does not apply in federal court because it is in direct conflict with Fed. R. Civ. P.

8(a)(3), which allows plaintiff to request all relief sought in his initial complaint." (ECF No. 17 at 4:24-27.)

California Civil Procedure Code § 425.13 provides that:

> In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed.

Cal. Civ. Proc. Code § 425.13(a).

To obtain an order authorizing a request for punitive damages under § 425.13, the court must determine on the plaintiff's motion "that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim." Estate of Prasad ex rel. Prasad v. Cty. of Sutter, 958 F. Supp. 2d 1101, 1118–21 (E.D. Cal. 2013) (quoting Jackson v. E. Bay Hosp., 980 F.Supp. 1341, 1353 (N.D. Cal. 1997).

Within the Ninth Circuit, district courts have differed on whether the California statute is applicable in federal court. Padilla v. Beard, No. 2:14-cv-01118-KJM, 2014 WL 6059218, at *10–12 (E.D. Cal. Nov. 12, 2014) (citing see Estate of Prasad, 958 F.Supp.2d at 1119 (collecting cases)). The Ninth Circuit has not resolved the split among its district courts. Courts applying the statute either have found it to be "intimately bound" to state substantive law and therefore a substantive, rather than procedural rule, or have found the plaintiff's punitive damages claims largely arise under state law and the state law should therefore apply. Padilla, 2014 WL 6059218, at *11 (citing see e.g., Thomas v. Hickman, No. CV F 06–0215 AWI SMS, 2006 WL 2868967, at *41 (E.D. Cal. Oct. 6, 2006) ("The legislative intent behind Section 425.13 shows the rule to be intimately bound to the state substantive causes of action for professional negligence."); Rhodes v. Placer Cnty., No. 2:09–CV–00489 MCE KJN, 2011 WL 1302240, at *21 (E.D. Cal. Mar. 31, 2011), adopted, No. 2:09–CV–00489–MCE, 2011 WL 1739914 (E.D. Cal. May 4, 2011) (§ 425.13 applicable because plaintiff's punitive damages claims arise from state law claims). Cf. also Golder Associates, Inc. v. Edge Envtl., Inc., No. 06CV01260 WYD BNB, 2007 WL 987458, at *5 (D. Colo. Mar. 30, 2007) (giving effect to similar Colorado statute; dismissing plaintiff's request for punitive damages without prejudice).

Courts declining to apply § 425.13 find it is a procedural rule governing no substantive rights and in direct conflict with a Federal Rule. Padilla, 2014 WL 6059218, at *11 (citing see e.g., Jackson, 980 F.Supp. at 1352 ("The requirement is essentially a method of managing or directing a plaintiff's pleadings, rather than a determination of substantive rights.")); Burrows v. Redbud Cmty. Hosp. Dist., 188 F.R.D. 356, 361 (N.D. Cal. 1997) ("[S]ection 425.13 is a procedural rule for managing and directing pleadings: it does not create substantive limits on the damages a plaintiff may seek."); see also Estate of Prasad, 958 F.Supp.2d at 1119.))

Plaintiff argues that § 425.13 is a state procedural rule that does not apply in federal court.  He asserts that the Federal Rules of Civil Procedure govern his state law claim for punitive damages rather than § 425.13.  Plaintiff claims that he is not required under § 425.13 to obtain permission from the court when requesting punitive damages for his state law claims against defendants Navasartian and Dubiel.  In support of his position, Plaintiff relies on Jackson v. East Bay Hospital, 980 F. Supp. 1341 (N.D. Cal. 1997) and Burrows v. Redbus Cmty Hosp. Dist., 188 F.R.D. 356 (N.D. Cal. 1997).  In Jackson, the court held that "[S]ection 425.13's requirement was procedural rather than substantive, and therefore under Erie, has no effect in federal court." Burrows, 188 F.R.D. at 361 (citing see Jackson, 980 F.Supp. at 1352). "The [Jackson] court concluded that section 425.13 was essentially a method of managing or directing a plaintiff's pleadings rather than a determination of substantive rights." Id.  The court rejected the argument that the procedural requirements of section 425.13 were not so 'intimately bound up' with the state's substantive law that it must be applied by a federal court." Id. (quoting Jackson at 1352).  The Burrows court "agree[d] with the Jackson court's determination of § 425.13 as a procedural requirement" and did not apply that section. Burrows, 188 F.R.D. at 361.

Defendant Dubiel requests the court to apply § 425.13 and dismiss the punitive damages request attached to Plaintiff's state law claim for professional negligence.  He correctly points out that Plaintiff failed to seek permission from the court in advance of filing his request for punitive damages.  Defendant cites Thomas v. Hickman, No. CV F 06-0215 AWI SMS, 2006 WL 2868967, at *41 (E.D. Cal. Oct. 6, 2006), which specifically dealt with § 425.13 and its

applicability to federal suits filed in this Eastern District of California, finding in favor of applying that statute.  In Thomas, the court found that "the legislative intent behind § 425.13 shows the rule to be intimately bound to the state substantive causes of action for professional negligence, . . . [because t]he Legislature's intent when enacting Section 425.13 was to protect health care providers from frequently pleaded and frivolous, unsubstantiated, punitive damage claims."  Id. at 41 (citing Cent Pathology Serv. Clinic, Inc. v. Superior Court, 3 Cal.4th 181, 190 (Cal. 1992); accord Allen v. Woodford, No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587, at *21 (E.D. Cal. June 26, 2006.)  The court also found that "[t]he intent of the Legislature was that any claim for punitive damages in an action against a health care provider is subject to the statute if the injury that is the basis for the claim was caused by conduct directly related to the rendition of professional services."  Id.  (citing Cent. Pathology Serv. Clinic, 3 Cal.4th at 192); Allen, 2006 WL 1748587, at *21.  The Thomas court held that § 425.13 should be applied, requiring the plaintiff to gain permission of the court to seek punitive damages for the professional negligence claim.

In the absence of direction from the Ninth Circuit, this court is persuaded by those of its sister courts that have found § 425.13 applicable in federal court.  This court agrees that a state's view of the measure of damages is inseparable from the substantive right of action.  See Allen v. Woodford, (Section 425.13 is "intimately bound up" with [plaintiff's] professional negligence claim, because the allegations that identify the nature and cause of plaintiff's injury must be examined.)  Here, Plaintiff complains that the dental care provided by Defendants was inadequate and harmful.  An inquiry into Plaintiff's claims against Defendant Dubiel cannot be done without inquiring into the substantive law of the cause of action, the nature and extent of the dental services, and the underlying injuries.  Here, the court finds that § 425.13 is so "intimately bound up" with Plaintiff's substantive state law claims that, under the Erie exception, it applies to bar these claims where there is no compliance to the rule.  Plaintiff has not requested nor obtained an order from the court allowing for recovery of punitive damages.  Therefore, the court should dismiss Plaintiff's request for punitive damages against defendant Dubiel for medical negligence.

In order for Plaintiff to be granted leave to amend the complaint to reinstate his request for punitive damages for medical negligence, Plaintiff must first satisfy the requirements of California Civil Procedure Code § 425.13.  Accordingly, Plaintiff must file a motion to amend his complaint to reinstate the request for punitive damages establishing in his motion, if he can, that there is a substantial probability that Plaintiff will prevail on his request for punitive damages pursuant to California Civil Code § 3294(a).

Based on the above, the court finds that defendant Dubiel's motion to dismiss punitive damages pursuant to § 425.13 should be granted.

## VI. CONCLUSION AND RECOMMENDATION

The court has found that defendant Dubiel's motion to dismiss under Rule 12(b)(6) should be denied, and motion to dismiss under California Civil Procedure Code § 425.13, should be granted.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Dubiel's motion to dismiss, filed on May 5, 2016, be GRANTED in part and DENIED in part;

2. Defendant Dubiel's motion to dismiss Plaintiff's claims for punitive damages under Rule 12(b)(6) be DENIED; and

3. Defendant Dubiel's motion to dismiss under California Civil Procedure Code § 425.13 be GRANTED and Plaintiff's medical negligence claim for punitive damages against defendant Dubiel be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **February 17, 2017**            **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE