# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF ELIAS,<br><br>                Plaintiff,<br><br>        v.<br><br>VAZRICK NAVASARTIAN, et al.,<br><br>                Defendants. | Case No. 1:15-cv-01567-LJO-GSA-PC<br><br>**DISCOVERY AND SCHEDULING ORDER APPLICABLE TO DEFENDANT DUBIEL ONLY**<br><br>Exhaustion Motion Filing Deadline:  **06/22/17**<br>Deadline to Amend Pleadings:  **07/21/17**<br>Discovery Deadline:   **08/22/17**<br>Dispositive Motion Filing Deadline:  **10/23/17** |

Jeff Elias ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original complaint filed on October 14, 2015, against defendants Vazrick Navasartian and J. Dubiel on Plaintiff's medical claims under the Eighth Amendment and related state law claims.  (ECF No. 1.)

On May 4, 2016, defendant Navasartian filed an Answer to the Complaint.  (ECF No. 12.)  On May 5, 2016, defendant Dubiel filed a motion to dismiss.  (ECF No. 13.)

On May 6, 2016, the court issued a Discovery and Scheduling order as to defendant Navasartian only.[1]   (ECF No. 14.)   The order set the following deadlines:   (1) Initial Disclosures: June 20, 2016; (2) Motions based on Exhaustion: August 4, 2016; (3) Discovery

///

---

[1]  The order stated:   "At this time, discovery is only open as to Defendant Navasartian.  Defendant Dubiel's motion to dismiss is pending.  When the motion is resolved and Defendant Dubiel files an answer, the Court will issue an order extending the Discovery and Scheduling Order to Defendant Dubiel."  (ECF No. 14 at 1, fn.1.)

Cut-Off: October 3, 2016; and (4) Dispositive Motion Deadline: December 2, 2016.  (Id.)  All of the deadlines in the May 6, 2016, Discovery and Scheduling order have now expired.[2]

On March 13, 2017, the court issued an order granting in part and denying in part defendant Dubiel's motion to dismiss, resolving the motion.  (ECF No. 34.)  Therefore, the court now issues this Discovery and Scheduling Order applicable to defendant Dubiel only.

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

## I.   <u>**WRITTEN DISCOVERY**</u>[3]

Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Rule 135 of the Local Rules of Practice for the United States District Court, Eastern District of California (Local Rules), and shall only be filed when required by Local Rules 250.2, 250.3, and 250.4.

The parties are limited to 25 interrogatories as described by Federal Rule of Civil Procedure 33, 25 requests for admission made according to Federal Rule of Civil Procedure 36, and 25 requests to produce made according to Federal Rule of Civil Procedure 34.

Responses to document requests shall include all documents within a party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.  <u>Allen v. Woodford</u>, 2007 WL 309945, *2 (E.D. Cal. 2007.)[4]

Responses to written discovery requests shall be due **30 calendar days** after the request is served. All discovery requests must be served **at least 60 calendar days** before the discovery

---

[2]  On December 13, 2016, defendant Navasartian filed a motion for summary judgment, which is pending.  (ECF No. 26.)

[3]  Nothing in this order is meant to expand Federal Rule of Civil Procedure 26.  The undersigned does not require an exchange of initial disclosures.

[4]  Defendants' responses should be consistent with their right to request documents pursuant to California Government  Code §3306.5. ("Each employer shall keep each public safety officer's personnel file or a true and correct copy thereof,  and shall make the file or copy thereof available within a reasonable period of time after a request thereof by the officer.")

deadline.  All motions to compel must be filed on or before the discovery deadline.  The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure and/or Local Rules.

If any party withholds a document on the basis of privilege, he/she shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege **within 15 calendar days** after the date the response is due. Failure to provide a privilege log within this time shall result in a waiver of the privilege.

If disputes arise about a party's obligation to respond to written requests for discovery, the parties shall comply with all pertinent rules including Federal Rules of Civil Procedure 5, 7, 11, 26, and 37 and Local Rules 110, 130, 131, 133, 135, 142, 144, and 230(*l*).  However, unless otherwise ordered, Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37− that a party certify he/she has conferred in good faith or attempted to confer with the opponent in an effort to resolve the dispute prior to seeking court action − shall not apply.  Nevertheless, voluntary compliance with this provision of Federal Rules of Civil Procedure 26 and 37 is encouraged.  At a minimum, the parties shall exchange written correspondence in an attempt to resolve the issues.  All such written exchanges shall be included as exhibits to motions to compel.  Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith.

A discovery motion that does not comply with all applicable rules will be stricken and may result in the imposition of sanctions.  Further, a motion is not appropriate to compel documents that are equally available to the moving party.  For example, Plaintiff may not file a motion to compel production of documents contained in his/her own central file.

## II.    DEPOSITIONS

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a prison, and may do so by video conference[5] or in

---

[5]  This permission is on the condition that it is consistent with prison policy and the prison has the needed equipment for the video deposition.

person, provided that, **at least 15 calendar days** before such a deposition, Defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Due to security concerns and institutional considerations not applicable to the Defendants, Plaintiff must seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2).

Disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a basis for Plaintiff to refuse to answer appropriate questions, and the failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions.  Such sanctions may include dismissal of the action pursuant to Federal Rule of Civil Procedure 37.  Objections made in good faith in accordance with governing rules are permissible.  Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

III.  **SCHEDULE AND DEADLINES**

A.  All motions asserting failure to exhaust administrative remedies must be filed on or before **06/22/2017.**  The issue of exhaustion must be raised by either (1) a procedurally proper motion for summary judgment, or (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the failure to exhaust is clear on the face of the complaint.  If the parties believe that discovery related to exhaustion is necessary, they may request discovery pursuant to Federal Rule of Civil Procedure 56(d).  Requests for limited discovery must be made **within 30 calendar days** of the date of service of any motion asserting failure to exhaust.  A party may also request that discovery, other than discovery related to exhaustion, be stayed pending the resolution of an exhaustion motion.

B.  The deadline for amending the pleadings is **07/21/2017**.

C.  All discovery, including the filing of any motions to compel, **SHALL** be completed on or before **08/22/2017**.  Absent good cause, discovery motions will not be considered if filed after the discovery deadline.

D.  Dispositive motions must be filed on or before **10/23/2017**.

///

**IV.    EXTENSIONS OF TIME**

Requests for extensions of the deadlines set forth in this Discovery and Scheduling Order **must be filed on or before the expiration of the date in question.  These deadlines are firm and will not be extended by the Court <u>except upon a showing of good cause</u>.**  Fed. R. Civ. P. 16(b)(4).

**<u>The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions.</u>**

IT IS SO ORDERED.

Dated:   **March 15, 2017**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE